**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**HARVEY BEECH**                                                                               **PLAINTIFF**

**VS.**                                 **NO. 4:10-cv-00547-DPM**

**SELECT PORTFOLIO SERVICES;
WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE
HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN
TRUST 2006-FF15 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FF15; and
SHAPIRO AND KIRSH, LLP; (sic)**                              **DEFENDANTS**

<u>**ANSWER AND MOTION TO DISMISS OF SEPARATE DEFENDANT
SHAPIRO & KIRSCH, LLP**</u>

Comes now separate defendant, Shapiro & Kirsch, LLP by and through its attorneys, Don A. Eilbott and John K. Helbling, Jack Nelson Jones Jiles & Gregory, P.A., BY and for its Answer and Motion to Dismiss states:

1. Shapiro & Kirsch denies the allegations of paragraph 1 of Complaint for lack of knowledge.

2. Shapiro & Kirsch denies the allegations of paragraph 2 of the Complaint for lack of knowledge.

3. Shapiro & Kirsch denies the allegations of Paragraph 3 of the Complaint for lack of knowledge.

4. Shapiro & Kirsch denies the allegations of Paragraph 4 of the Complaint for lack of knowledge.

5. In regard to the allegations of paragraph 5 of the pleading, Shapiro & Kirsch, LLP admit they are a limited liability partnership. Shapiro & Kirsch otherwise denies the allegations of paragraph 5 of the pleading.

6. Shapiro & Kirsch denies the allegations of Paragraph 6 of the Complaint for lack of knowledge.

7. Shapiro & Kirsch denies the allegations of Paragraph 7 of the Complaint for lack of knowledge.

8. Shapiro & Kirsch denies the allegations of Paragraph 8 of the Complaint for lack of knowledge.

9. Shapiro & Kirsch denies the allegations of Paragraph 9 of the Complaint for lack of knowledge.

10. Shapiro & Kirsch denies the allegations of Paragraph 10 of the Complaint for lack of knowledge.

11. Shapiro & Kirsch denies the allegations of Paragraph 11 of the Complaint for lack of knowledge.

12. Shapiro & Kirsch denies the allegations of Paragraph 12 of the Complaint for lack of knowledge.

13. Shapiro & Kirsch denies the allegations of Paragraph 13 of the Complaint for lack of knowledge.

14. Shapiro & Kirsch denies the allegations of Paragraph 14 of the Complaint for lack of knowledge.

15. Shapiro & Kirsch denies the allegations of Paragraph 15 of the Complaint for lack of knowledge.

16. Shapiro & Kirsch denies the allegations of Paragraph 16 of the Complaint for lack of knowledge.

17. Shapiro & Kirsch denies the allegations of Paragraph 17 of the Complaint for lack of knowledge.

18. Shapiro & Kirsch denies the allegations of Paragraph 18 of the Complaint for lack of knowledge.

19. Shapiro & Kirsch denies the allegations of Paragraph 19 of the Complaint for lack of knowledge.

20. Shapiro & Kirsch denies the allegations of Paragraph 20 of the Complaint for lack of knowledge.

21. Shapiro & Kirsch admits that sent a Notice of Default to Plaintiff, but otherwise denies the allegations of Paragraph 21 of the Complaint for lack of knowledge.

22. Shapiro & Kirsch admits that Plaintiff sent a debt validation demand to Shapiro & Kirsch, but otherwise denies the allegations of Paragraph 22 of the Complaint for lack of knowledge.

23. Shapiro & Kirsch admits that it sent copies of a mortgage and promissory note in response to Plaintiff's debt validation demand, but otherwise denies the allegations of Paragraph 23 of the Complaint for lack of knowledge.

24. Shapiro & Kirsch admits that a Mortgagee's Acceleration of Maturity and Limited Power of Attorney was filed on August 21, 2009, but otherwise denies the allegations of Paragraph 24 of the Complaint for lack of knowledge.

25. Shapiro & Kirsch denies the allegations of Paragraph 25 of the Complaint for lack of knowledge.

26. Shapiro & Kirsch denies the allegations of Paragraph 26 of the Complaint for lack of knowledge.

27. Shapiro & Kirsch denies the allegations of Paragraph 27 of the Complaint for lack of knowledge.

28. Shapiro & Kirsch denies the allegations of Paragraph 28 of the Complaint for lack of knowledge.

The Complaint as filed by the *pro se* plaintiff proceeds to set forth a section subtitled, "Law." The separate defendant, Shapiro & Kirsch will respond to the extent required utilizing the numbers provided by the *pro se* plaintiff, to-wit:

29. Shapiro & Kirsch admits that Arkansas law required the recording of certain documents pertaining to interests in real property, but otherwise denies the allegations of Paragraph 29 of the Complaint for lack of knowledge.

30. The allegations of paragraph 30 do not allege any conduct on the part of the defendant, Shapiro & Kirsch, and to the extent required and necessary the allegations are denied.

31. The allegations of paragraph 31 do not allege any conduct on the part of the defendant, Shapiro & Kirsch, and to the extent required and necessary the allegations are denied.

32. The allegations of paragraph 32 do not allege any conduct on the part of the defendant, Shapiro & Kirsch, and to the extent required and necessary the allegations are denied.

33. Shapiro & Kirsch denies the allegations of Paragraph 33 of the Complaint for lack of knowledge.

34. The allegations of paragraph 34 do not allege any conduct on the part of the defendant, Shapiro & Kirsch, and to the extent required and necessary the allegations are denied.

35. Shapiro & Kirsch denies the allegations of Paragraph 35 of the Complaint for lack of knowledge.

36. The allegations of paragraph 36 do not allege any conduct on the part of the defendant, Shapiro & Kirsch, and to the extent required and necessary the allegations are denied.

37. Defendant Shapiro & Kirsch incorporates its responses to paragraphs 1-36 as if stated herein word for word.

38. Shapiro & Kirsch denies the allegations of Paragraph 38 of the Complaint for lack of knowledge.

39. Shapiro & Kirsch denies the allegations of Paragraph 39 of the Complaint for lack of knowledge.

40. Shapiro & Kirsch denies the allegations of Paragraph 40 of the Complaint for lack of knowledge.

41. Shapiro & Kirsch denies the allegations of Paragraph 41 of the Complaint for lack of knowledge.

42. Shapiro & Kirsch denies the allegations of Paragraph 42 of the Complaint for lack of knowledge.

43. Shapiro & Kirsch denies the allegations of Paragraph 43 of the Complaint for lack of knowledge.

44. Shapiro & Kirsch denies the allegations of Paragraph 44 of the Complaint for lack of knowledge.

45.     Shapiro & Kirsch denies the allegations of Paragraph 45 of the Complaint for lack of knowledge.

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12, separate Defendant, Shapiro & Kirsch, LLP moves that this Court dismiss the Complaint filed herein by the plaintiff and states:

1.      Pursuant to Federal Rule of Civil Procedure 12 the defendants state that there have been insufficiency of process, insufficiency of service of process, and failure to state facts upon which relief can be granted.

2.      Plaintiff's Complaint does not set forth any wrongful actions alleged to have been committed by separate Defendant Shapiro & Kirsch.  Rather, Shapiro & Kirsch is simply identified by name.  No further allegations are made in regard to Shapiro & Kirsch, and there are no allegations as to any wrongful actions taken by Shapiro & Kirsch.

3.      Pursuant to Federal Rule of Civil Procedure 11, this Court should enter an Order sanctioning the plaintiff herein, making an award of attorney's fees in favor of the defendants, strike the pleading filed herein by the plaintiff with the Circuit Clerk of Lonoke County, Arkansas on May 21, 2010, and further enter an Order directing the Clerk of this Court to decline to receive from the plaintiff any additional, similar documents or pleadings.

**WHEREFORE,** separate Defendant Shapiro & Kirsch, LLP prays that the pleading filed herein be dismissed, for its costs, and all other proper relief.

Respectfully submitted:

Don A. Eilbott
John K. Helbling
Jack Nelson Jones Jiles & Gregory, P.A.
2800 Cantrell Road- Suite 500
Little Rock, Arkansas 72221
Telephone 501-707-5547
Facsimile   501-421-5653
Email:  deilbott@jacknelsonjones.com
           jhelbling@jacknelsonjones.com


By: /s/ John Helbling_____
    Don A. Eilbott, 74042
    John K. Helbling, 2009144
    Attorneys for Shapiro & Kirsch, LLP




**CERTIFICATE OF SERVICE**

     I, John K. Helbling, hereby certify that on June 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused a copy of the foregoing to be served by U.S. Mail postage prepaid upon the following:

Mr. Harvey E. Beech
121 Deer Creek Dr.
Cabot, Arkansas 72023
*Pro se* Plaintiff

Judy S. Henry
Adrienne L. Jung
Wright, Lindsey & Jennings, LLP
200 West Capitol Ave., Suite 2300
Little Rock, Arkansas 72201
Attorneys for Select Portfolio Servicing, Inc.



                        /s/ John Helbling_____
                        John K. Helbling