**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**HARVEY BEECH**                                                                              **PLAINTIFF**

**VS.**                              **NO. 4:10-cv-00547-DPM**

**SELECT PORTFOLIO SERVICES;
WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE
HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN
TRUST 2006-FF15 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FF15; and
SHAPIRO AND KIRSH, LLP; (sic)**                                          **DEFENDANTS**

<u>**BRIEF IN SUPPORT OF MOTION TO DISMISS OF SEPARATE DEFENDANT
SHAPIRO & KIRSCH, LLP**</u>

Comes now separate Defendant, Shapiro & Kirsch, LLP (hereafter referred to as "Shapiro & Kirsch") by and through its attorneys, Jack, Nelson, Jones, Jiles & Gregory, P.A. by Don A. Eilbott and John K. Helbling, and for its Brief in Support of Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and states as follows:

The pleading filed herein by the plaintiff on or about May 21, 2010, is not in conformity with the Arkansas Rules of Civil Procedure, totally fails to set forth any allegations in connection with separate Defendant Shapiro & Kirsch, and therefore fails to state facts upon which relief can be granted.  Further, Shapiro & Kirsch is not a necessary party to this lawsuit, as no allegations of any actionable or otherwise wrongful conduct have been asserted against it.

I.      <u>Plaintiff's Complaint Should Be Dismissed as it Fails to State a Claim for Which Relief
Can Be Granted</u>

The plaintiff is appearing *pro se*.  A review of the pleading indicates that it was either

obtained from some unidentified third party, the internet, a form book or something similar.

Copies of similar pleadings are available through the internet.

Shapiro & Kirsch acknowledges that the plaintiff is appearing *pro se*; he has the absolute

right to do so, and has the right to seek redress in the Courts without the necessity of retaining

licensed legal counsel to represent him.  However, in doing so, it is settled law that he must

adhere to the requirements of applicable statutory law and applicable regulations and rules.  As

such, Plaintiff is required to comply with Federal Rule of Civil Procedure 12(b)(6) by stating a

claim for which relief can be granted.  In this case, with regard to Shapiro & Kirsch, Plaintiff has

failed to do so.

In fact, Shapiro & Kirsch is merely a law firm utilized by parties which participated in

the foreclosure proceedings that are the subject of Plaintiff's Complaint.  Shapiro & Kirsch

engaged in no wrongful conduct, and in fact Plaintiff's Complaint alleges none on the part of

Shapiro & Kirsch.

A pleading which merely alleges conclusions and does not state a cause of action is

subject to a Motion to Dismiss, *Files v. Hill*, 268 Ark. 106, 594 S.W.2d 836 (1980).  The

pleading filed herein by the plaintiff does not allege a cause of action against Shapiro & Kirsch

based upon tort, contract or any other recognizable cause of action, and must therefore be

dismissed, *Hollingsworth v. First National Bank & Trust Company*, 311 Ark. 637 846 S.W.2d

176 (1993).

Plaintiff's Complaint merely makes conclusions rather than alleging a factual basis for a cause of action.   With regard to considering a defendant's Motion to Dismiss, the United States Supreme Court has held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (internal citations omitted).  Similarly, the Eighth Circuit Court of Appeals has held that "the complaint must allege facts, which, when taken as true, raise more than a speculative right to relief." *Benton v. Merrill Lynch & Co.,* 524 F.3d 866 (8th Cir. 2008). Plaintiff has failed to substantiate the legal conclusions of his Complaint with any factual bases of any substantive claims against Shapiro & Kirsch, has failed to assert anything beyond a "speculative right to relief," and as such, his Complaint should be dismissed.

Furthermore, Plaintiff's Complaint fails to comply with the general pleading requirements set forth in Federal Rule of Civil Procedure 8(a) (2) which provides that Plaintiff's Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff has failed to comply with this requirement in that the allegations within Plaintiff's Complaint are not plain, clear, or concise, rather they are convoluted, disjointed, and at times nonsensical.

II.     <u>Shapiro & Kirsch is Not a Necessary Party to Plaintiff's Lawsuit, and as Such, Plaintiff's Complaint Should Be Dismissed as to Shapiro & Kirsch</u>

Shapiro & Kirsch is a law firm which provided legal services to certain parties related to the foreclosure proceedings which are the subject of Plaintiff's Complaint.  Indeed, Plaintiff's Complaint does not allege any actionable or otherwise wrongful conduct on the part of Shapiro

& Kirsch, nor does Plaintiff request any relief from Shapiro & Kirsch.  Shapiro & Kirsch is simply not a necessary party to Plaintiff's lawsuit, and Plaintiff's Complaint should be dismissed as to Shapiro & Kirsch.

In the few instances in which Shapiro & Kirsch is mentioned within Plaintiff's Complaint, no actionable or otherwise wrongful conduct is alleged on the part of Shapiro & Kirsch.  Paragraph No. 5 of Plaintiff's Complaint denotes entity and registered agent information for Shapiro & Kirsch and acknowledges that Shapiro & Kirsch represented separate Defendant Select Portfolio Servicing, Inc. ("Select") in certain foreclosure proceedings.

In Paragraphs No. 21-23 of Plaintiff's Complaint, Plaintiff states that Shapiro & Kirsch sent to Plaintiff a Mortgage Notice of Default and Intention to Sell, that Plaintiff responded with a debt validation demand, and that Shapiro & Kirsch subsequently sent Plaintiff copies of a certain promissory note and mortgage.   Plaintiff is merely describing a sequence of events which in no way indicates any actionable or otherwise wrongful conduct by Shapiro & Kirsch.

Paragraph No. 24(b) of Plaintiff's Complaint merely states that Shapiro & Kirsch prepared a certain Mortgagee's Acceleration of Maturity and Limited Power of Attorney for Non-Judicial Sale which was filed in the Office of the Circuit Clerk of Lonoke County Arkansas. Plaintiff does not assert that this document preparation was done in any wrongful manner or for any wrongful purpose.

Plaintiff states in Paragraph No. 25 that he copied Shapiro & Kirsch on certain correspondence he sent to Select requesting additional information.  Again, this assertion in no way alleges any actionable or otherwise wrongful conduct on the part of Shapiro & Kirsch.

In Paragraph No. 27 of Plaintiff's Complaint Plaintiff states that Shapiro & Kirsch "cannot be an attorney in fact because 'Select' and 'Wells Trust' have no interest."  Plaintiff

makes this assertion again in Paragraph No. 40.  The statement itself is nonsensical.  Even if this assertion is interpreted to mean that Shapiro & Kirsch's clients had no legitimate interest in the foreclosure proceedings or the subject real property, such a scenario would in no way cause Shapiro & Kirsch not to be an attorney in fact of those clients, nor would such a scenario connote any actionable or otherwise wrongful conduct on the part of Shapiro & Kirsch.

In Paragraph No. 32 of Plaintiff's Complaint, Plaintiff states that Shapiro & Kirsch sent to the Plaintiff copies of a certain promissory note on three occasions, and that said note was not endorsed by certain parties denoted elsewhere in the Complaint.  Such a statement does not denote any actionable or otherwise wrongful conduct on the part of Shapiro & Kirsch.

Paragraph No. 33 of Plaintiff's Complaint makes a blanket assertion as to all Defendants by stating that the Defendants "have not proved that any of the entities referenced above [in the Complaint] had any interest in the note and mortgage."  This statement does not denote any actionable or otherwise wrongful conduct on the part of Shapiro & Kirsch, as Shapiro & Kirsch was not and is not obligated to satisfy Plaintiff's doubts as to the legitimacy of an interest of one of its clients in the promissory note at issue.

In Paragraph No. 35 of Plaintiff's Complaint, Plaintiff states that Shapiro & Kirsch "will not let the plaintiff come to their offices to view the original [promissory note]."  This statement does not denote any actionable or otherwise wrongful conduct on the part of Shapiro & Kirsch, as Shapiro & Kirsch was not and is not obligated to provide same.

Plaintiff has simply not put forth a single allegation of any actionable or otherwise wrongful conduct on the part of Shapiro & Kirsch.  Shapiro & Kirsch is named in the Complaint, and is acknowledged as being a law firm which provided certain legal services in connection

with foreclosure proceedings which are the basis of Plaintiff's Complaint.  However, Plaintiff fails to provide any notion of any wrongful conduct by Shapiro & Kirsch.

Indeed, Plaintiff does not request any relief from Shapiro & Kirsch, as Shapiro & Kirsch is not even included in the sections of Plaintiff's Complaint which pray for relief.  Shapiro & Kirsch is not a necessary party to this action, has not been alleged to have committed any wrongful conduct, and as such Plaintiff's Complaint should be dismissed as to Shapiro & Kirsch.

The purpose of Federal Rule of Civil Procedure 11 is to deter litigation abuse.  Shapiro & Kirsch merely provided legal services to parties related to the Plaintiff's foreclosure proceeding.  Plaintiff's Complaint does not allege any wrongful conduct on the part of Shapiro & Kirsch.  A reading of the Complaint filed herein, certainly as it relates to Shapiro & Kirsch, clearly reflects that the plaintiff has abused the judicial and legal process and that no cause of action is stated against Shapiro & Kirsch and therefore sanctions and an award of attorney's fee is appropriate.

WHEREFORE, based upon the foregoing, separate Defendant Shapiro & Kirsch, LLP, prays that this Court dismiss Plaintiff's Complaint with prejudice, and for all other relief both legal and equitable to which it may be entitled.

Respectfully submitted:

Don A. Eilbott
John K. Helbling
Jack Nelson Jones Jiles & Gregory, P.A.
2800 Cantrell Road- Suite 500
Little Rock, Arkansas 72221
Telephone 501-707-5547
Facsimile   501-421-5653
Email:  deilbott@jacknelsonjones.com
   jhelbling@jacknelsonjones.com


By: /s/ John Helbling    
  Don A. Eilbott, 74042
  John K. Helbling, 2009144
  Attorneys for Shapiro & Kirsch, LLP


### CERTIFICATE OF SERVICE

   I hereby certify that on June 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy of the foregoing by US Mail or Email, as denoted below, to the following:

Mr. Harvey E. Beech
121 Deer Creek Dr.
Cabot, Arkansas 72023
*Pro se* Plaintiff

Judy S. Henry
Adrienne L. Jung
Wright, Lindsey & Jennings, LLP
jhenry@wlj.com
ajung@wlj.com
Attorneys for Select Portfolio Servicing, Inc.


     /s/ John Helbling   
     John K. Helbling