## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**HARVEY BEECH**                                                            **PLAINTIFF**

**VS.**                          **CASE NO. 4:10-cv-00547-DPM**

**SELECT PORTFOLIO SERVICES (sic);**
**WELLS FARGO BANK, N.A AS TRUSTEE FOR THE**
**HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN**
**TRUST 2006-FF15 MORTGAGE PASS-THROUGH**
**CERTIFICATES, SERIES 2006-FF15;**
**SHAPIRO and KIRSH, LLP; (sic)**                          **DEFENDANTS**

## DEFENDANT SPS' BRIEF IN SUPPORT OF RESPONSE
## TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

### I.      Introduction

Plaintiff's motion to remand is based upon several false premises. First, plaintiff argues

that the Court should remand the case to state court based on a lack of subject matter

jurisdiction because the plaintiff did not include any federal claims in his complaint. Plaintiff's

Brief in Support of Motion to Remand to State Court at p. 2. Second, plaintiff states that the

burden of establishing removal jurisdiction is on SPS, and SPS has not met that burden.

*Id*. at 5. Third, plaintiff argues that removal is improper because all the defendants have not

consented to removal. *Id*. at 6. Finally, plaintiff relies on the *"Rooker-Feldman* doctrine" as

prohibiting federal district courts from making decisions on private state actions and from

granting injunction relief in such actions. *Id*. at 7. All of plaintiff's arguments fail to recognize

that diversity jurisdiction is the basis for SPS' removal and the requirements are both met —

complete diversity and an amount in controversy exceeding $75,000. Plaintiff's complaint

alleges he is a resident of Arkansas, and all of the defendants are residents of different states.

In addition, the amount in controversy exceeds $75,000. Therefore, the Court should deny plaintiff's motion to remand.

## II.     Procedural History

On May 21, 2010, plaintiff filed a complaint against "Select Portfolio Services," Wells Fargo Bank, N.A., as trustee for the holders of the First Franklin mortgage loan trust 2006-FF15 mortgage pass-through certificates, Series 2006-FF15 ("Trustee"), and "Shapiro and Kirsh, LLP" in the Circuit Court of Lonoke County, Arkansas. Although plaintiff sent copies of a summons and complaint to SPS by certified mail on, plaintiff has not properly served SPS with process. The summons sent by plaintiff to SPS was sent to "Select Portfolios Services," which is a misspelling of SPS' accurate name. In addition, service did not conform because it was not addressed to a natural person specified by name as required by Ark. R. Civ. P. 4(d)(8)(A)(i).

Plaintiff's complaint requests temporary injunctive relief and a prayer "that the court orders to defendants cease and desist foreclosure actions and collection attempts." Complaint at p. 9. In other words, plaintiff seeks to protect his claim of ownership in the real property and to avoid repayment of his debt to Trustee. Trustee's mortgage on plaintiff's residence secures a promissory note with an original face value of $188,000, and the county assessor appraised the residence at over $200,000 in 2009. Plaintiff asserts that he is a resident of Lonoke County, Arkansas, and that SPS is a foreign corporation with a principal office in Salt Lake City, Utah. The complaint also alleges that the principal offices of Trustee and Shapiro & Kirsch are New York City and Memphis, Tennessee, respectively. Complaint at ¶ 4-5.

SPS removed the case by filing a Notice of Removal in this Court on June 7, 2010, which was within thirty (30) days of receiving a copy of the Complaint as required by 28 U.S.C. § 1446(b). SPS based such removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeded $75,000 and because plaintiff and all defendants are citizens of different states. Thus, this Court had original jurisdiction over the matter. Plaintiff now seeks to remand the case back to Lonoke County Circuit Court.

### III.   Argument

As previously described, plaintiff makes a variety of challenges to removal. Plaintiff's chief objection to removal is that this Court lacks subject matter jurisdiction because there is no federal question at issue. However, plaintiff plainly fails to challenge, or acknowledge, that diversity jurisdiction exists in this case. In addition, plaintiff makes other arguments that are inapplicable and fail to address SPS's basis for removal. For example, plaintiff's reliance on the *Rooker-Feldman* doctrine is wholly irrelevant, and the assertion that all defendants have not consented to removal is erroneous.

### A.   SPS's removal is properly based on diversity jurisdiction, rather than a federal question

In his motion to remand and brief in support, plaintiff argues that diversity jurisdiction is unattainable because there is no federal question in the case. However, disregarding the claim that no federal question exists, plaintiff's argument plainly contradicts the Rules of Civil Procedure. Pursuant to 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000; a federal question is not necessary for diversity jurisdiction. In his brief in support of motion to remand to state court, plaintiff does not dispute that the amount in controversy

exceeds $75,000; instead, plaintiff claims the *Rooker-Feldman* doctrine simply prohibits removal to this Court. As previously stated, the mortgage on plaintiff's residence secures a promissory note with an original face value of $188,000. In addition, the county assessor's appraised value of the residence in 2009 was more than $200,000. Thus, based on plaintiff's complaint, his failure to dispute the amount in controversy, and the assessed value of the real property at issue, the amount in controversy exceeds $75,000.

Furthermore, as SPS stated in its Notice of Removal, diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a). Plaintiff alleges he is an individual residing in Lonoke County, Arkansas. SPS is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in Salt Lake City, Utah, as admitted by plaintiff. Trustee is a national banking association chartered and headquartered in Sioux Falls, South Dakota. Shapiro & Kirsch, LLP is a limited liability partnership organized and existing under the laws of the State of Tennessee. Thus, all parties to the suit are citizens of different states for purposes of diversity jurisdiction.

Because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, diversity jurisdiction exists under 28 U.S.C. § 1332(a) and removal to this Court was proper pursuant to 28 U.S.C. § 1441(a). That section provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As established above, this Court had original jurisdiction by virtue of diversity jurisdiction.

Therefore, removal was appropriate pursuant to § 1441(a). Plaintiff's argument that the absence of federal question jurisdiction somehow nullifies diversity jurisdiction is mistaken.

**B.     The *Rooker-Feldman* doctrine is inapplicable to this case**

Plaintiff claims that the *Rooker-Feldman* doctrine prohibits removal to this Court. Plaintiff's understanding of the doctrine is that it "prohibits federal district courts from making decisions on private state actions and from granting injunction relief involving those actions." Plaintiff's Brief in Support of Motion to Remand to State Court at p. 7. The United States Supreme Court has explained that the *Rooker-Feldman* doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2009). The Supreme Court summarized the two cases, *Rooker* and *Feldman*, which comprise the doctrine, as follows:

> The *Rooker-Feldman* doctrine takes its name from the only two cases in which we have applied this rule to find that a Federal District Court lacked jurisdiction. In *Rooker*, a party who had lost in the Indiana Supreme Court, and failed to obtain review in this Court, filed an action in Federal District Court challenging the constitutionality of the state-court judgment. We viewed the action as tantamount to an appeal of the Indiana Supreme Court decision, over which only this Court [the United States Supreme Court] had jurisdiction, and said that the 'aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.' *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). *Feldman*, decided 60 years later, concerned slightly different circumstances, with similar results. The plaintiffs there had been refused admission to the District of Columbia bar by the District of Columbia Court of Appeals, and sought review of these decisions in Federal District Court. Our [the United States Supreme Court] decision held that to the extent plaintiffs challenged the Court of Appeals decisions themselves-as opposed to the bar admission rules promulgated nonjudicially by the Court of Appeals-their sole avenue of review was with this Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

*Id.* In essence, the doctrine prevents lower federal courts from becoming courts of appeal for state court decisions. Rather than appealing to this court from a final state-court judgment, SPS

removed to this Court based on removal jurisdiction; therefore, plaintiff's reliance on the *Rooker-Feldman* doctrine is completely misplaced.

### C.    All defendants have consented to removal to this Court

Plaintiff also claims that removal is improper because Trustee failed to consent to removal. Plaintiff is correct that all defendants must consent before removal; however, his claim that all defendants have not given such consent is erroneous. Pursuant to 28 U.S.C. § 1446, defendants desiring to remove shall file a notice of removal within thirty (30) days of service of the complaint. Here, the notice of removal was filed within thirty (30) days of delivery of a copy of the complaint to SPS by certified mail.[1] While it is not necessary that each defendant sign the notice of removal, "each defendant who has been served must at least communicate its consent to the court." *Smith v. Union Nat. Life Ins. Co.*, 187 F.Supp.2d 635, 640 (S.D. Miss. 2001) (citing 28 U.S.C. § 1446(b); *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)). Such consent may be made "in a writing signed by that defendant or by his or her attorney." *Id.* at 641.

As stated in the Notice of Removal, Shapiro & Kirsch consented to removal of this action to federal court. Because Trustee has not been properly served, its consent to removal is unnecessary. Even *Getty Oil Corp.*, which plaintiff cites in support of the notion that removal is improper because each defendant did not consent, states that only "properly joined and served" defendants must join in the removal petition. *Getty Oil Corp.* at 1263. Here, Trustee was not "properly joined and served"—it is not even aware of service of process upon it by plaintiff. Nevertheless, in the Notice of Removal, Trustee stated that if it had "been served

---

[1] As stated in its Notice of Removal, SPS still claims that it has not been properly served and specifically reserves all rights and defenses based on insufficiency of process and insufficiency of service of process.

with process as of the filing of this notice of removal, it joins in and consents to removal of this matter to federal court," specifically reserving any rights and defenses based on insufficiency of process. Therefore, despite the fact that Trustee was not properly served, plaintiff's argument that all defendants did not join in removal is erroneous, as SPS, Shaprio & Kirsch, and Trustee (if Trustee had been served) all consented to removal.

## IV.    Conclusion

For the reasons set forth in SPS' notice of removal, its response to plaintiff's motion to remand, and this brief the Court should deny plaintiff's motion for remand.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jhenry@wlj.com
   ajung@wlj.com

By   _Judy J. Henry_____
  Judy Simmons Henry (84069)
  Adrienne L. Jung (2007159)
  Attorneys for Select Portfolio Servicing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June *28,* 2010, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing as indicated, and a copy of the foregoing was sent by United States mail and email as follows:

Harvey Beech
121 Deer Creek Drive
Cabot, AR  72023
*Pro se Plaintiff*

Don A. Eilbott (deilbott@jacknelsonjones.com)
John K. Helbling (jhelbling@jacknelsonjones.com)
*Attorneys for Shapiro & Kirsch, LLP and D. Denise Griffin*

Judy Simmons Henry