Case 4:10-cv-00547-DPM    Document 20    Filed 06/30/10    Page 1 of 5

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 30 2010
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

HARVEY BEECH                                                                                   PLAINTIFF

VS.                                    CASE NO. 4:10-cv-00547-DPM

SELECT PORTFOLIO SERVICING INC;
WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE
HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN
TRUST 2006-FF15 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FF15
SHAPIRO and KIRSH, LLP                                                                DEFENDANTS

### REPLY TO SPS RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Comes Now Harvey Beech, with his reply to Select Portfolio's (SPS) Response to Plaintiffs motion to remand states following;

Select Portfolio has responded alleging the notice of removal was proper because of diversity jurisdiction. Select Portfolio argues that all the defendants are from different states and the removal is proper. SPS alleges that Wells Fargo, NA as trustee has not been served but has consented to the removal. SPS does not address that Wells Fargo, NA is a trustee of a trust that was set up in New York City. Most of the transactions within the trust were done in New York City. The Trust has certificated holders whom could be the real parties in interest and their citizenship is currently unknown and has not been mentioned in the removal. The amount of controversy has not been met. A claim or a defense regarding a statutory foreclosure in Arkansas is tried in Circuit Court.

**1.Argument- Diversity Jurisdiction has not been met**

The Diversity Jurisdiction has not been met in the notice of removal. As stated above Wells Fargo is a trustee of a trust that is located in New Your City. The certificate

1

holders may be the real parties at interest and their citizenship is currently unknown. The Plaintiff has attached a copy of the registrant from U.S. Securities and Exchange Commission see **Exhibit A**. It shows the trust has an office address of 745 7th Avenue New York, New York. It shows that it was incorporated in Delaware. Some of the certificate holders could be residents of Arkansas. The principal place of business for the trust has not been established in the notice of removal. *After Congress' amendment, courts were similarly uncertain as to where to look to determine a corporation's "principal place of business" for diversity purposes. If a corporation's headquarters and executive offices were in the same State in which it did most of its business, the test seemed straightforward. The "principal place of business" was located in that State.* See, e.g., Long v. Silver, 248 F.3d 309, 314-315 (C.A.4 2001); Pinnacle Consultants, Ltd. v. Leucadia Nat. Corp., 101 F.3d 900, 906-907 (C.A.2 1996). *When faced with this question, various courts have focused more heavily on where a corporation's actual business activities are located.* See, e.g., Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 60-61 (C.A.1 2005); R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 656-657 (C.A.2 1979); see also 15 Moore's § 102.54, at 102-112.1.

## 2. Argument-Amount in Controversy has not been met

The Plaintiff complaint does not ask for damages, cost, and interest over $75,000. The Plaintiff showed the defective note and how $5,057.44 was added back to the note. The Plaintiff also attached several documents to the complaint from the U.S. Securities and Exchange Commission that has several companies that does not mention Select Portfolio as a server of the trust. The plaintiff asks only for temporary relief until the issues with note and real parties in interest are fixed or decided. The amount in

controversy could be less than $75,000. *Where a "complaint alleges no specific amount of damages or an amount under the jurisdictional minimum" the party who sought removal "has the burden to prove the requisite amount by a preponderance of the evidence." Bell v. Hershey co., 2009 WL 465949, at *2 (8th Cir. Feb. 26, 2009) (quoting Advance Am. Servicing of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008); In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003)). To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).*

### 3. Argument-Arkansas Statutory Foreclosure Act § 18-50-101 seq et.

In there responses defendants Select Portfolio and Shapiro and Kirsch did not address the Arkansas Statutory Foreclosure Act procedures regarding jurisdiction over claims and defenses. Select Portfolio and Shapiro and Kirsch were engaging in the Arkansas Statutory Foreclosure Act although they are citizens in different states. The Plaintiff has attached the documents to his complaint that shows they were using this Arkansas Statutory remedy. Ark Ann Code § 18-50-116 *(d) Nothing in this chapter shall be construed to: (2) (A) Impair the right of any person or entity to assert his or her legal and equitable rights in a court of competent jurisdiction. (B) However, a claim or defense of a person or entity asserting his or her or its legal and equitable rights shall be asserted before the sale or it is forever barred and terminated.* The only court that has competent jurisdiction is Lonoke County Circuit Court. The defendants did not deny this in there responses.

WHEREFORE, The Plaintiff prays that this court remands that case back to Lonoke County Circuit Court and that he is granted fees and cost Pursuant to Section 1447(c) for responding the notice of removal.

Respectfully Submitted,

_____
Harvey Beech, Pro Se
121 Deer Creek
Cabot, AR 72023
501-247-2873

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2010 the foregoing was sent by U.S. mail to the following below:

Judy Simmons Henry
Adrienne L. Jung
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699

Don A. Eilbott
John K. Helbling
Jack Nelson Jones Jiles & Gregory, P.A.
2800 Cantrell Road-Suite 500
Little Rock, AR 72221

_____
Harvey Beech, Pro Se

SEC Info    Home    Search    My Interests    Help    User Info    Harvey Beech

# First Franklin Mortgage Loan Trust 2006-FF15

*Click on these tabs to view other information related to First Franklin Mortgage Loan Trust 2006-FF15.*

View:    **Registrant**    About    Filings    Files    Relationships    Names    Topics    Sites    All

## Registrant

**Possibly Inactive per 1/25/07 Form 15**

**Office Address**    Map...
745 7th Avenue
New York, New York 10019
U.S.A.

| Phone Number | Incorporated In | IRS Number | Fiscal-Year End | SEC CIK # |
|---|---|---|---|---|
| 1-212-526-7000 | Delaware, U.S.A. | – | 12/31 | 1378018 |

| SIC Code | Industry | Source | As Of |
|---|---|---|---|
| 6189 | Asset-Backed Securities (ABSs) | SEC | 3/30/07 |

---

Sponsored Ads...

**Business Wire IR Services**
Full service EDGAR conversion and filing with dedicated professionals
www.BusinessWire.com

Ads by Google

---

*Copyright © 2010 Fran Finnegan & Company. All Rights Reserved.*
*About – Privacy – Redactions – Help — Tue, 29 Jun 17:52:01.1 GMT*

# EXHIBIT A