IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HARVEY BEECH                                                                           PLAINTIFF

v.                         Case No. 4:10-cv-00547-dpm

SELECT PORTFOLIO SERVICING,
INC., *et al.*                                                                          DEFENDANTS

ORDER

Plaintiff Beech, *pro se*, sued "Select Portfolio Services," Wells Fargo Bank as trustee of a mortgage trust, and "Shapiro and Kirsh, LLP" in Arkansas circuit court. He sought an accounting and a temporary restraining order, related to a statutory foreclosure on his home. The Defendants removed the case to the Eastern District of Arkansas. Beech moves to remand to state court, citing various legal theories.

None of Beech's arguments challenging the removal have merit. First, all the Defendants consented to removal. Shapiro and Kirsch, LLP consented to Select Portfolio Servicing's timely notice of removal. 28 U.S.C. 1446(b). Even though service on Wells Fargo Bank is in doubt, it too consented to

removal. *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 755 (8th Cir. 2001).

Second, the absence of a federal cause of action does not deprive the Court of subject matter jurisdiction in a diversity case. 28 U.S.C. § 1332(a)(1). Third, the citizenship of unknown trust beneficiaries does not destroy complete diversity. The beneficiaries are not the real parties in interest here: the complaint makes allegations against Wells Fargo Bank as trustee, not against the beneficiaries. And Beech claims Wells Fargo has the usual powers of a trustee—to hold, manage, and dispose of the note. Wells Fargo's citizenship, not that of the trust beneficiaries, is considered in the Court's diversity analysis. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980).

Fourth, Wells Fargo's citizenship does not destroy diversity. No other party, insofar as the record discloses, is a citizen of South Dakota. Fifth, Defendants carried their burden to prove Wells Fargo's citizenship. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). They specified South Dakota as Wells Fargo's headquarters and place of charter in their notice. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Sixth, the amount in controversy is satisfied because the complaint is about a $188,000.00 mortgage. 28 U.S.C. § 1332(a).

Seventh, the *Rooker-Feldman* doctrine does not apply here. The doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The doctrine is limited to judgments—it does not preclude review of executive action, including state administrative action. *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 644 n.3 (2002). Here, there is no judgment to review, only an ongoing and incomplete statutory foreclosure outside of court. Ark. Code Ann. § 18-50-116(a) (Supp. 2009). Because this procedure operates without the necessity of a judgment, *Rooker-Feldman* is inapplicable. *Compare Johnson v. LaSalle Bank Nat'l Ass'n*, 663 F. Supp. 2d 747, 751–52 (D. Minn. 2009) (discussing similar Minnesota statutory-foreclosure scheme and *Rooker-Feldman* while resolving a preclusion issue). Eighth, Beech is not seeking an injunction to stay state court proceedings; so the Anti-Injunction Act does not apply. 28 U.S.C. § 2283.

For another reason, however, the Court delays a decision on the motion to remand. This removal was based on diversity of citizenship. 28 U.S.C. §§ 1332(a)(1) & 1441(a). Defendants must therefore demonstrate by a

3

preponderance of the evidence that the parties are citizens of different states. *Sheehan*, 967 F.2d at 1215. Shapiro and Kirsch, LLP is a "foreign Limited Liability Partnership" with its principal place of business in Memphis, Tennessee. Neither the complaint nor the notice of removal specifies the citizenship of this law firm's members—an essential component of the diversity analysis. *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990). Defendants have ten days to supplement the record about the citizenship of all of Shapiro and Kirsch's members.

    So Ordered.

                                        */s/ DPMarshall Jr.*
                                        D.P. Marshall Jr.
                                        United States District Judge

                                        <u>13 July 2010</u>