IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**HARVEY BEECH**                                                                                      **PLAINTIFF**

VS.                                   CASE NO. 4:10-cv-00547-DPM

SELECT PORTFOLIO SERVICES (sic);
WELLS FARGO BANK, N.A AS TRUSTEE FOR THE
HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN
TRUST 2006-FF15 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FF15;
SHAPIRO and KIRSH, LLP; (sic)                                                         **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION TO STRIKE PLEADING AND QUASH PROCESS

Defendant Select Portfolio Servicing, Inc. ("SPS")[1] appears by and through its undersigned attorneys, and in support of its motion to strike pleading and quash process states as follows:

On May 21, 2010, plaintiff Harvey Beech ("Beech") initiated this lawsuit by filing a complaint (the "First Complaint") (Doc. 2) in the Circuit Court of Lonoke County, Arkansas. On June 7, 2010, SPS filed a notice of removal (Doc. 1) of this lawsuit in the United States District Court for the Eastern District of Arkansas, Little Rock Division. A notice of filing notice of removal (the "Notice") was filed in Lonoke County circuit court the following day. The removed lawsuit remains pending in federal district court and has not been remanded to state court. Despite removal, on June 14, 2010, Beech filed another complaint (the "Second

---

[1] Wells Fargo Bank, National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust 2006-FF15 Mortgage Pass-Through Certificates, Series 2006-FF15 ("Trustee") is still not aware of any service of process upon it by Beech. Wright, Lindsey & Jennings LLP intends to represent Trustee in this matter if and when Trustee is served with process. If Trustee has been served with process as of the filing of this Brief, it joins in this Brief and specifically reserves all rights and defenses to the underlying complaint, including those based on insufficiency of process and insufficiency of service of process.

880509-v1

Complaint") in the same Lonoke County circuit court case and the Lonoke County circuit clerk issued new summonses (the "Second Summonses") directed to one or more of the defendants. The Lonoke County circuit court lacks jurisdiction to entertain the Second Complaint or issue the Second Summonses, and therefore the Second Complaint should be stricken and the Second Summonses quashed. Alternatively, the Court should order Beech to withdraw the Second Complaint and enjoin Beech from filing further pleadings and motions in the Lonoke County circuit court case unless and until this case is remanded.

As required by 28 U.S.C. § 1446(d), promptly after SPS filed the notice of removal of this action to federal court, it filed with the clerk of the Lonoke County circuit court written notice of filing the notice of removal and served the notice on all adverse parties. Once the case in which the First Complaint was filed was removed to federal district court, the Lonoke County circuit court was divested of jurisdiction without regard to whether removal was proper. *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1255 (11th Cir. 1988) (citing *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir.), cert. denied, 355 U.S. 842, 78 S.Ct. 65, 2 L.Ed. 52 (1957)). Section 1446(d) requires that upon removal, "the State court shall proceed no further unless and until the case is remanded" (*see* 28 U.S.C. § 1446(d)) and therefore prior to a remand, the Lonoke County circuit court has a duty not to proceed in the case and any subsequent proceedings there are without legal effect. *Id.* at 1256 (citing *Steamship Co. v. Tugman*, 106 U.S. 118, 122, 1 S.Ct. 58, 60, 27 L.Ed. 87 (1882); *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 (1st Cir.1988)). Unless and until this case is remanded by this Court to state court, the Lonoke County circuit court is without jurisdiction to entertain the Second Complaint or any other pleading or motion filed by Beech in the first

case. The Second Complaint should therefore be stricken, as should any other documents filed by Beech in the Lonoke County circuit court case after removal and before remand, should it occur.

All summonses issued by the Lonoke County circuit clerk after removal should likewise be quashed. Process after removal is discussed in 28 U.S.C. § 1448. Section 1448 provides that

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. This section has been interpreted to mean that

> where the defendant has never been put on notice of the state court proceeding prior to removal . . . the federal court cannot "complete" the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The state court process becomes null and void on the date the action is removed to the federal court.

*Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). *See also Allman v. Hanley*, 302 F.2d 559 (5th Cir. 1962); *DiCesare-Engler Productions, Inc. v. Mainman Ltd.*, 421 F.Supp. 116 (W.D.Pa.1976).

In the case at bar, process and service of process of the First Complaint upon SPS were insufficient. Moreover, it is unclear whether process was ever issued to Wells Fargo with respect to the First Complaint and whether service of process of the First Complaint upon Wells Fargo was attempted by Beech. Beech cannot cure the defects in process and service of

process after removal by obtaining new summonses from the Lonoke County circuit clerk. All summonses issued by the Lonoke County circuit clerk after removal are null and void and should be quashed.

Alternatively, this Court should order Beech to withdraw the Second Complaint and enjoin him from filing further pleadings and motions in the Lonoke County circuit court case.

SPS has requested similar relief from the Lonoke County circuit court through the filing of a motion to strike the Second Complaint and to quash the Second Summonses on July 16, 2010.

In conclusion, once the Notice was filed by SPS, the Lonoke County circuit court was divested of jurisdiction over this lawsuit. Any proceedings in Lonoke County circuit court or process by the Lonoke County circuit clerk after that time are null and void. Because the Lonoke County circuit court has no jurisdiction over this lawsuit unless and until the case is remanded, SPS therefore respectfully requests that this Court grant its motion to strike pleading and quash summonses, that the Second Complaint filed in the Lonoke County circuit court case by Beech on June 14, 2010, be stricken, and that all summonses issued by the Lonoke County circuit clerk after the Notice was filed (June 8, 2010) be quashed. Alternatively, SPS requests that this Court order Beech to withdraw the Second Complaint and enjoin Beech from filing further pleadings or motions in the Lonoke County circuit court case.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jhenry@wlj.com
           ajung@wlj.com

By   */s/ Judy S. Henry*
Judy Simmons Henry (84069)
Adrienne L. Jung (2007159)
Attorneys for Select Portfolio Servicing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2010, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing as indicated, and a copy of the foregoing was sent by United States mail and email as follows:

Harvey Beech
121 Deer Creek Drive
Cabot, AR  72023
*Pro se Plaintiff*

Don A. Eilbott (deilbott@jacknelsonjones.com)
John K. Helbling (jhelbling@jacknelsonjones.com)
*Attorneys for Shapiro & Kirsch, LLP and D. Denise Griffin*

/s/ Judy J. Henry
Judy Simmons Henry