IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HARVEY BEECH                                                                                        PLAINTIFF

v.                                       Case No. 4:10-cv-547-DPM

SELECT PORTFOLIO SERVICING, INC.;
WELLS FARGO BANK, N.A. AS TRUSTEE
FOR THE HOLDERS OF THE FIRST
FRANKLIN MORTGAGE LOAN TRUST
2006-FF15 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FF15; AND
SHAPIRO & KIRSCH, LLP                                                                        DEFENDANTS

ORDER

Faced with foreclosure and the loss of his home, Harvey Beech has turned to serial litigation. This is the second of his three lawsuits. After allowing an amended complaint, the Honorable William R. Wilson Jr. dismissed Beech's first case without prejudice for failure to state a claim. Beech filed this case against three parties: Select Portfolio Servicing, Inc. — his loan servicer; Wells Fargo — the trustee for the pool that owns the loan; and Shapiro & Kirsch — the lawyers who pursued the foreclosure for Wells Fargo. Beech sued in Lonoke County Circuit Court, and the defendants removed the

case here. Beech recently filed his third case—a copy-cat of his complaint before this Court—in Lonoke County Circuit Court too.

1.     **The Facts and Claims.**  These are the facts pleaded, which the Court accepts as true at this point. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Beech bought a home in August of 2006, granting a mortgage and delivering a promissory note to First Franklin Bank. Two months later, the loan trust (which the Court will call Wells Fargo) bought the mortgage and note, and Select Portfolio began servicing the note. When Beech defaulted on his payments, Shapiro & Kirsch began foreclosure proceedings as attorneys-in-fact for Wells Fargo.

Beech's complaint does not expressly state his causes of action. But the Court takes the facts pleaded to allege (1) that the defendants violated Regulation Z of the Truth in Lending Act by making inaccurate disclosures on the TILA disclosure form at closing, and (2) that Wells Fargo is not a holder in due course of the note because of a missing indorsement. Beech asks that the Court order an accounting and grant him temporary injunctive relief to prevent the loss of his home in a foreclosure sale. There are presently five motions pending before this Court.

2. **Motion to Reconsider Remand.** The Court denied Beech's earlier motion to remand to state court. He now seeks reconsideration, alleging that Shapiro & Kirsch is not a diverse defendant because it maintains a place of business in West Memphis, Arkansas. Beech is incorrect. The diversity determination on a limited partnership is based on the citizenship of all partners, *Carden v. Arkoma Associates*, 494 U.S. 185, 196-97 (1990), not the partnership's place of business. The Court denies Beech's motion to reconsider.

3. **Defendants' Motions to Dismiss.** Select Portfolio and Shapiro & Kirsch each move to dismiss Beech's complaint for failure to state a claim. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden*, 588 F.3d at 594 (8th Cir. 2009) (quotation omitted). Beech may plead facts that indirectly show unlawful behavior, but those facts must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Further, the facts pleaded must justify the reasonable inference that Beech is entitled to relief. *Braden*, 588 F.3d at 595.

2. **Motion to Reconsider Remand.** The Court denied Beech's earlier motion to remand to state court. He now seeks reconsideration, alleging that Shapiro & Kirsch is not a diverse defendant because it maintains a place of business in West Memphis, Arkansas. Beech is incorrect. The diversity determination on a limited partnership is based on the citizenship of all partners, *Carden v. Arkoma Associates*, 494 U.S. 185, 196-97 (1990), not the partnership's place of business. The Court denies Beech's motion to reconsider.

3. **Defendants' Motions to Dismiss.** Select Portfolio and Shapiro & Kirsch each move to dismiss Beech's complaint for failure to state a claim. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden*, 588 F.3d at 594 (8th Cir. 2009) (quotation omitted). Beech may plead facts that indirectly show unlawful behavior, but those facts must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Further, the facts pleaded must justify the reasonable inference that Beech is entitled to relief. *Braden*, 588 F.3d at 595.

In response to the motions to dismiss, Beech has abandoned his request for an accounting. He agrees that he can get the requested information through discovery. An accounting is an extraordinary remedy, one usually unavailable if the information sought can be obtained through some other means. *Border State Bank, N.A. v. AgCountry Farm Credit Services*, 535 F.3d 779, 784-85 (8th Cir. 2008); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 611 (8th Cir. 1998). The Court therefore rejects Beech's request for an accounting from Select Portfolio and Shapiro & Kirsch.

Beech also requests a TRO to stop the foreclosure sale. To prevail here, Beech must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, ___, 129 S. Ct. 365, 374 (2008); *see also, Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Beech's complaint recites these factors. But the Court rejects injunctive relief because Beech cannot show that he is likely to succeed on the merits.

On the alleged TILA violations, Beech claims that his mortgage and note

4

both state that the principal amount of his loan was $188,000.00. The TILA Disclosure Statement (attached to the complaint) that he received at closing lists $182,942.56 as the "Amount Financed." 12 C.F.R. § 226.18(b). Beech thus claims that the TILA disclosure contains a $5,057.44 discrepancy.

Even if this discrepancy were clear evidence of some wrongdoing on the part of his lender or an assignee of the note, Beech has failed to show that he is likely to succeed on the merits against Select Portfolio or Shapiro & Kirsch. Although assignees of consumer obligations may be liable for TILA disclosure violations in some circumstances, the servicer of a consumer obligation generally is not. 15 U.S.C.A. §1641(a) & (f) (West 2009). Select Portfolio and Shapiro & Kirsch would be liable on the assigned obligation only if they are or were the "owner of the obligation." 15 U.S.C.A. §1641(f)(1) (West 2009).

Select Portfolio is the servicer of Beech's loan. Shapiro & Kirsch is the law firm Wells Fargo used to institute foreclosure proceedings against him. Beech has not alleged that either of these defendants has ever had any ownership interest in his loan obligation. In fact, Beech explicitly alleges that Select Portfolio "has no beneficial interest in the mortgage or note." Therefore, Beech has not and cannot show that he has any likelihood of

success against Select Portfolio or Shapiro & Kirsch on his TILA claim.

Beech's complaint also alleges that "First Franklin, Wells Fargo, or Select Portfolio did not indorse the note" and that Wells Fargo and Select Portfolio therefore have "no beneficial interest in the mortgage or note." These allegations appear to suggest that Wells Fargo is not entitled to enforce the instrument. ARK. CODE ANN. §§ 4-3-301 (Repl. 2001), 4-1-201(b)(21) (Supp. 2009). Taken as true, they might be a defense to payment against Wells Fargo. These allegations do not, however, support any claim against Select Portfolio or Shapiro & Kirsch. These parties, it is undisputed, were neither owners nor holders of Beech's note; they worked with and for Wells Fargo to collect Beech's obligation to Wells Fargo.

For the same reasons that Beech is not entitled to injunctive relief, Beech has failed to state any claims against Select Portfolio or Shapiro & Kirsch for which this Court could grant relief. The Court therefore grants Select Portfolio's and Shapiro & Kirsch's motions to dismiss. Beech's complaint is dismissed with prejudice as to these defendants. The Court will explain below why the dismissal is with prejudice.

Wells Fargo has not answered or moved to dismiss this case because it

6

has apparently not been served. Beech filed his motion to amend before the time for service expired. So the case is not over as to Wells Fargo.

    4.    **Select Portfolio's Motion to Strike Pleading and Quash Process.** Despite removal of this case, Beech has filed another complaint in Lonoke County Circuit Court arising out of the same dispute. The Lonoke County Circuit Clerk has issued new summons to Select Portfolio. Select Portfolio therefore asks this Court to take one of two steps: strike Beech's state-court pleading and quash process in the Lonoke County case; or order Beech to withdraw the third complaint, and enjoin him from filing any further pleadings and motions in the circuit court unless this case is remanded. Beech did not respond to Select Portfolio's motion.

    Reaching into the state-court case would be an extraordinary act. This Court may well have that power. 28 U.S.C.A. § 2283 (West 2006); *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1255 (11th Cir. 1988). But comity counsels against using it unless necessary. Select Portfolio has also moved in Lonoke County Circuit Court to strike the third complaint and quash process. That court should be allowed to rule on the motion before this Court considers acting. The Court therefore denies Select Portfolio's request for

injunctive relief.

5.  **A First Amended Complaint.** Beech moves for leave to file a first amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. He wants to drop his accounting claim and assert an additional (unspecified) cause of action with additional (unspecified) facts. Select Portfolio and Shapiro & Kirsch oppose this motion, arguing that Beech has already had three or four chances to plead his case.

A dismissal under Rule 12(b)(6) is usually without prejudice if the deficiencies of the complaint can be cured by amendment. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004). And while leave to amend should be freely given "when justice so requires," FED. R. CIV. P. 15(a)(2), Select Portfloio and Shapiro & Kirsch have a point. A court may deny a motion to amend if it finds "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Doe v. Cassel*, 403 F.3d 986, 990–91 (8th Cir. 2005) (quotation omitted).

Beech has had three opportunities to state a claim against Select

Portfolio and Shapiro & Kirsch.  His claims against these Defendants have been dismissed without prejudice once before.  He has now abandoned his accounting request.  And the facts pleaded so far demonstrate conclusively that he has no TILA claim against the servicer or the lawyers.  Under these circumstances, justice does not require granting Beech leave to amend his complaint against Select Portfolio and Shapiro & Kirsch.  *In re NVE Corp. Securities Litigation*, 527 F.3d 749, 752 (8th Cir. 2008).  Beech's motion to amend is therefore denied as to these Defendants.

Dismissing Beech's complaint without prejudice again would also be unjust.  This step would essentially give him a futile fourth attempt to state a claim arising from the same facts against these two Defendants.  It is time to move this case forward.  The Court's dismissal of Beech's claims against Select Portfolio and Shapiro & Kirsch is therefore with prejudice.  FED. R. CIV. P. 41(b); *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

Beech may, however, have a claim against Wells Fargo.  Because he is pro se, he was not required to file a proposed amended complaint with his motion to amend, and he did not do so.  Local Rule 5.5(e).  In light of his many previous filings, the Court orders Beech to file a *proposed* first amended

9

complaint *against Wells Fargo only* by 13 October 2010. The Court will then evaluate the proposed pleading before allowing it to be filed and served.

* * *

In summary, Beech's motion for reconsideration, *Document No. 36*, is denied. Select Portfolio's motion to dismiss, *Document No. 5*, and Shapiro & Kirsch's motion to dismiss, *Document No. 9*, are granted. Beech's complaint is dismissed with prejudice as to those defendants. His claims against Wells Fargo remain pending. Select Portfolio's motion to strike pleading and quash process, *Document No. 26*, is denied. Beech's motion for leave to file a first amended complaint, *Document No. 29*, is denied in part and reserved in part. Beech must file a proposed first amended complaint against Wells Fargo for the Court's review by 13 October 2010.

So Ordered.

_____
D.P. Marshall Jr.
Untied States District Judge

22 Sept. 2010